**UNITED STATES of America, Plaintiff,**

v.

**James S. McGUIRE, Defendant.**

**No. 98–40047–01–DES.**

United States District Court, D. Kansas.

Aug. 19, 1998.

Robin D. Fowler, Office of United States Attorney, Topeka, KS, for U.S.

Marilyn M. Trubey, Melody J. Evans, Office of Federal Public Defender, Topeka, KS, for James S. McGuire, defendant.

Alan G. Warner, Warner, Bixler & Associates, L.L.C., Topeka, KS, for David G Clovis, defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion for Leave to Issue Subpoena Duces Tecum Requiring Production of Documents Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Doc. 66), Motion to Compel Discovery Regarding Cooper-

ating Witness (Doc. 61), and Motion to Suppress Testimony (Doc. 60).

## I. Motion for Leave to Issue Subpoena Duces Tecum (Doc. 66)

█ In this motion, defendant seeks leave to issue a subpoena duces tecum, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, to Kaw Valley Center. The defendant seeks "copies of any and all records regarding David G. Clovis," a co-defendant who will be testifying at defendant's trial. In support of his motion, defendant states that he has reason to believe the materials sought are in the possession of Kaw Valley Center, that the information sought is material and integral to the defense, and that the materials are not available from any other source. Defendant further states that the requested documents are evidentiary, relevant, and are requested in good faith. However, the court notes that defendant did not state what kind of facility Kaw Valley Center is, nor did the defendant state what type of information he hopes to find in the records held by Kaw Valley Center.

The government responds that Kaw Valley Center is an agency which handles the placement of children deemed by the state to be in need of care. The center apparently does not have any control of, or records regarding, any juvenile offenders. Furthermore, the records, which would deal with the placement of juveniles in foster homes, are actually in the custody of SRS. The government argues that defendant has not met the requirements of the test stated in *United States v. Gonzalez–Acosta*, 989 F.2d 384, 389 (10th Cir.1993).

After the government filed its response, Kaw Valley Center informed the government that it did not have any records pertaining to Clovis. However, defense counsel maintains that Clovis was, in fact, treated at Kaw Valley Center.

In *Gonzalez–Acosta*, the Tenth Circuit set forth a four-part test which the moving party must meet for pretrial discovery pursuant to Rule 17(c):

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Gonzalez–Acosta*, 989 F.2d at 389 (citing *United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974)).

Based upon the information defendant has presented in his motion, the court must conclude that defendant has failed to meet the prerequisites for pretrial production pursuant to Rule 17(c). The defendant has given no indication of what material is sought or how this material would be relevant to his case. Furthermore, it appears that Kaw Valley Center does not have any records pertaining to Clovis. Although defendant may not otherwise be able to procure these records in advance of trial, defendant has not given the court any kind of indication as to why he could not properly prepare for trial without the production and inspection of these records in advance of trial. Finally, the court notes the lack of specificity as to the records sought regarding Clovis and defendant's failure to offer any reason why he needs these records produced. Therefore, defendant's Motion for Leave to Issue Subpoena Duces Tecum Requiring Production of Documents Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Doc. 66) is denied.

## II. Motion to Compel Discovery Regarding Cooperating Witness (Doc. 61)

█ In this motion, defendant seeks disclosure of five specific items regarding co-defendant Clovis. First, defendant seeks disclosure of any prior criminal record of Clovis, including felonies and misdemeanors. Second, defendant seeks disclosure of any promises of immunity or any agreements between the government and Clovis, and any other evidence affecting the issues of bias or credibility of Clovis, including evidence of drug addiction or psychiatric treatment. Third, defendant seeks disclosure of any recorded memorandum of communication between Clovis and government agents, including a report of his debriefing after Clovis

entered his guilty plea. Fourth, the defendant seeks disclosure as to whether Clovis took a polygraph examination, and, if so, the results of that examination. Finally, the defendant seeks disclosure of the addresses where Clovis resided prior to his arrest.

The government responds that it is unaware of any convictions for Clovis, either as an adult or as a juvenile. Second, the government responds that its only agreement with Clovis was the plea agreement, a copy of which has been provided to the defendant's counsel. The government further states that, although it is aware that Clovis has used marijuana, it is not aware of any addictions. In addition, the government states that it believes that Clovis may have spent some time in Topeka State Hospital, but the government does not have copies of those records. Third, the government states that it has already provided the defendant with copies of statements made by Clovis shortly after his arrest; however, the government states that it will disclose any debriefing notes as required by 18 U.S.C. § 3500(a), which does not require disclosure of these materials until after Clovis has testified on direct examination. Fourth, the government responds that Clovis has not been given a polygraph examination. Finally, the government states that Clovis was essentially homeless and transient prior to his arrest in this case. The government argues that none of the authorities cited by defendant requires the government to list all previous addresses for its witnesses, although the defendant is free to ask Clovis his name and address on cross-examination.

Based upon the government's responses, the court finds that defendant's motion should be denied. The government has already provided most of the information sought and has stated that it will provide debriefing notes as required by 18 U.S.C. § 3500(a). The only remaining issue involves the prior addresses of Clovis. The cases cited by defendant in support of his request for disclosure of the prior addresses of Clovis both relate to defendant's ability to cross-examine the witness regarding his name and address, not to pre-trial disclosure of prior addresses. Given the government's response that Clovis was essentially homeless and transient prior to his arrest, the court will not require the government to disclose the prior addresses of Clovis. However, the court will allow defendant to cross-examine Clovis regarding his name and address.

### III. Motion to Suppress Testimony (Doc. 60)

The defendant also seeks an order suppressing the testimony of co-defendant Clovis pursuant to *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998). The government responds that the *Singleton* opinion was later withdrawn by the Tenth Circuit and currently is of no precedential value.

The court notes that the Tenth Circuit vacated the *Singleton* opinion on July 10, 1998, and granted rehearing *en banc*. Therefore, the court concludes that the *Singleton* opinion is not controlling on this issue and finds that defendant's Motion to Suppress Testimony should be denied. *See United States v. Kilpatrick*, 821 F.2d 1456, 1470 (10th Cir.1987) (use of informal immunity held to be entirely proper); *United States v. Peister*, 631 F.2d 658, 663 (10th Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981) (finding "no evidence that the prosecution acted in bad faith ... or overstepped the bounds of propriety and fairness" by making promise of informal immunity).

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion for Leave to Issue Subpoena Duces Tecum Requiring Production of Documents Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Doc. 66), Motion to Compel Discovery Regarding Cooperating Witness (Doc. 61), and Motion to Suppress Testimony (Doc. 60) are denied.